FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JUN 14 P 12: 30
CLERK_____
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

BERNARD ROBINSON,

    Plaintiff,

v.

MEDICAL STAFF AT WARE
STATE PRISON,

    Defendants.

CIVIL ACTION NO.: CV513-023

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at the Ware County Jail in Waycross, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding against employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that he was in the lockdown unit on December 28, 2012, when he told an officer that he was in severe pain in his groin area, where he has a hernia. Plaintiff contends that he could not walk or even move to use the restroom. Plaintiff asserts that the officer notified medical personnel that Plaintiff needed medical attention, but a member of the medical staff told the officer to tell Plaintiff to "'sit his behind down some where(sic).'" (Doc. No. 1, p. 5). Plaintiff asserts that he had to wait for three and a half hours and threaten to file a lawsuit before he was seen by medical staff. Plaintiff admits that he is still awaiting a response to his appeal of his grievance.[1]

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976),

---

[1] It does not appear that Plaintiff exhausted his administrative remedies prior to filing this cause of action, which was executed on March 14, 2013. Plaintiff's Complaint could be dismissed for this reason, as well. 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted."

2

forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, in those cases involving a claim that a defendant delayed medical treatment to a plaintiff, the "relevant factors include: '(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay.'" Alsobrook v. Alvarado, 477 F. App'x 710, 712 (11th Cir. 2012) (quoting Goebert v. Lee Cnty., 510 F.3d 1312, 1327 (11th Cir. 2007)). Plaintiff makes no allegation that this perceived delay in receiving treatment worsened his medical condition. Thus, his Complaint should be **DISMISSED**.

Moreover, Plaintiff names the "Medical Staff at Ware State Prison" as the only Defendant in this case. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff fails to make a particular allegation against any individual who may have been responsible for his requested medical attention. Plaintiff's Complaint should be **DISMISSED** for this reason, too.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 14th day of June, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)